JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas that granted, in part, defendant-appellee Jennetta Hall's motion to suppress. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} Hall was indicted, along with her co-defendant Muhammad Dye, for one count of drug trafficking with a juvenile specification, a felony of the third *Page 3 
degree; one count of possession of crack cocaine, a felony of the fourth degree; and one count of receiving stolen property, a felony of the fourth degree. Hall filed a motion to suppress, and a hearing was held.
 {¶ 3} At the hearing the testimony revealed that on the morning of June 15, 2006, at 6:00 a.m., members of the FBI and the Cleveland Police Department went to 10011 Anderson Avenue in Cleveland to execute an arrest warrant for Dye, who was considered armed and dangerous. Ten members of the FBI SWAT team approached the front door, knocked, and announced their presence. After no response, the SWAT team members breached the door and entered the house. Agents cleared the first floor rooms and then entered the master bedroom and arrested Dye without incident. After Dye was removed, agents continued to check the bedroom for possible attackers. Underneath the bed, Agent Platt discovered a bulletproof vest issued by the Cleveland Police Department.
 {¶ 4} Agents checked the entire house, and once the house was cleared by the agents, they took Dye, Hall, and their three children to the living room; then Cleveland Police Detective Follmer and Agent Scott Wilson entered the house. Because they found the bulletproof vest, police secured the house until a search warrant could be obtained. Dye was taken into federal custody. The children were picked up by their grandmother, and Hall was permitted to stay at the house with the officers and agents until a search warrant was secured. After a search warrant was obtained in federal court, Detective Follmer and the FBI *Page 4 
search team searched the premises. During the search, a plastic bag containing crack cocaine was located behind a stereo speaker on top of a dresser located in the master bedroom. Also, 47 boxes of ammunition, two electronic scales, photographs of suspected gang members, and $2,339 were discovered.
 {¶ 5} The trial court found that the officers lawfully entered the home and arrested Dye and that pursuant to a lawful protective sweep, they discovered the bulletproof vest. The court further found that the officers obtained a valid search warrant. Nevertheless, the trial court found "that none of the State's witnesses controverted or refuted Ms. Hall's testimony that the search was ongoing from the early morning hours until the arrival of the search warrant." The trial court then granted, in part, Hall's motion to suppress. The court suppressed everything except the bulletproof vest. The state appeals, advancing two assignments of error for our review. The state's first assignment of error states the following:
 {¶ 6} "The trial court erred when it relied on evidence that was not presented when it suppressed the crack cocaine seized pursuant to a federal search warrant."
 {¶ 7} The state takes issue with the trial court's finding of fact regarding the ongoing search which Hall had alleged occurred prior to the officers obtaining a warrant. *Page 5 
 {¶ 8} Appellate review of a suppression ruling involves mixed questions of law and fact. See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. Burnside, supra, at ¶ 8. But the appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. Id.
 {¶ 9} In this case the trial court found that Hall's testimony regarding the ongoing search of her residence was uncontroverted and therefore required suppression of any evidence recovered. We find merit to the state's assertion that the trial court erred when making this factual finding.
 {¶ 10} Hall alleged that the officers searched the entire time that they were in the house waiting for the warrant. However, Hall testified that she did not see the officers searching her room or the basement. Hall was free to walk around, but did not observe anyone searching her house. Hall testified that she was on the couch watching television while waiting for the search warrant.
 {¶ 11} Detective Follmer testified several times that the search was not conducted until the warrant was obtained. Further, in Hall's affidavit that was filed with her motion to suppress, Hall stated that at 2:00 p.m., eight to ten officers starting searching the house but that they did not have a warrant. However, she was *Page 6 
told that the warrant had been signed and that they had been given the "go ahead." Hall admitted that she was shown the search warrant at 2:30 p.m.
 {¶ 12} We find that the trial court's finding that Hall's testimony regarding the ongoing search of her residence was uncontroverted is not supported by the evidence. Accordingly, the state's first assignment of error is sustained. The state's second assignment of error states the following:
 {¶ 13} "The trial court erred when it failed to apply the inevitable discovery rule and instead suppressed the crack cocaine and ammunition seized."
 {¶ 14} The state argues that even if the trial court believed the officers unlawfully searched the house prior to obtaining the warrant, the evidence was still admissible under the inevitable discovery rule. Under the inevitable discovery exception, "illegally obtained evidence is properly admitted in a trial court proceeding once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation." State v. Logan, Cuyahoga App. No. 88472, 2007-Ohio-2636, quoting State v. Perkins (1985),18 Ohio St.3d 193.
 {¶ 15} First, we note that the trial court specifically found that the search warrant obtained by the agents was valid. Therefore, we find that even if the officers searched the residence prior to obtaining the search warrant, the contraband still would have been discovered after a valid search warrant was obtained. As a result, the motion to suppress should not have been granted. Accordingly, the state's second assignment of error is sustained. *Page 7 
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1